WILLIAM ELLISON *et al.*, Respondents, v. FRANK J. BOWMAN, Appellant.

### St. Louis Court of Appeals, February 28, 1888.

1. PRACTICE—REFEREE—OBJECTIONS NOT PROPERLY PRESERVED.—Objections to the action of a referee which are not preserved in exceptions to his report, or in the motion for a new trial, will not be considered on appeal.

2. ———— ———— The findings of a referee in a law case will be treated as conclusive in the appellate court, if supported by substantial testimony.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

FRANK J. BOWMAN, *pro se*, for the appellant: (1) The appellant is entitled to have the moneys he assisted Craig to raise applied to the purpose for which he consented to assist him in getting the money. (2) The individual debt of Craig, on account of the exchange of mills, had been settled and paid by the real estate notes; and that account having been closed, could not have been re-opened, in fraud of the appellant's rights and interests. (3) The books were in evidence—properly so—upon the vital issues of the case; after they were introduced, it was error to permit their withdrawal.

SMITH P. GALT, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This action is brought on an account, to recover the price of a bill of goods alleged to have been furnished to the partnership firm of B. F. Craig & Company, of which the defendant was a member at the time. The answer was a general denial merely. By consent, the

cause was referred to a member of the bar to try all the issues. He tried the issues, took a voluminous mass of testimony, and reported the same to the court, together with his conclusions of fact and law thereon—finding in favor of the plaintiffs for the amount claimed, with interest, and recommending judgment therefor. Exceptions were thereafter filed to the report, which were overruled, and judgment was entered in conformity with its recommendation, from which the defendant prosecutes this appeal. The objections to the judgment, furnished in a printed argument filed by the defendant, resolve themselves into the two following:

(1) That the referee erred in allowing the plaintiffs to carry away from the office of the referee the plaintiffs' books of account, which had been produced by the voluntary act of the plaintiffs, before the referee had finished using them. We need not express any opinion as to the merits of this objection, because it was not renewed before the court in the exceptions to the referee's report, nor even in the motion for new trial. It is, therefore, waived.

(2) The next objection questions the conclusion of the referee upon the ground that the undisputed evidence shows that the indebtedness sued for had been *paid* by Craig, the copartner of the defendant, prior to the bringing of the action. Payment is an extrinsic defence which must ordinarily be pleaded and proved by the defendant; but we suppose that in an action for any species of indebtedness, if an unavoidable inference of payment arises out of the testimony of the plaintiff or his own witnesses, whether on their direct or their cross-examination, no judgment can be entered for him, since he has himself produced evidence which shows that he is not entitled to recover. This is the rule in respect to contributory negligence, which, like payment, is regarded in this state as an extrinsic defence, to be pleaded and proved in ordinary cases by the defendant. We have, therefore, looked carefully through the testimony of the plaintiffs' witnesses with the view of

ascertaining whether an unavoidable conclusion of payment arises upon such testimony. This testimony consisted of one of the plaintiffs and of the bookkeeper of the plaintiffs' firm. These witnesses both admit that, after the partnership between the defendant and Craig had been dissolved, of which dissolution the plaintiffs had knowledge, Craig entered into an arrangement with the plaintiffs, by which a promissory note of one Edgar, held by Craig, which bore the endorsement of the defendant, was sold to a man named McDonald, for nine hundred dollars, and six hundred and fifty dollars of the amount so realized applied to *another indebtedness* of Craig to the plaintiffs, and the other two hundred and fifty dollars turned over to Craig, who was in need of money at the time. The plaintiff, William Ellison, was not present at the time of this transaction, and only testified concerning it from hearsay and from what appeared upon the face of the books of the plaintiffs, and his testimony in respect of it is confusing and unsatisfactory. But it appears that he was a mechanic, not very well educated, and entirely unacquainted with bookkeeping, and he professed an inability to explain the entries on the books, by which it seems this six hundred and fifty dollars had been credited upon the account of B. F. Craig & Company. The bookkeeper also concedes that the books were not properly kept, in that individual transactions with Craig were mingled with the account of B. F. Craig & Company ; but he testifies in positive terms that the arrangement with Craig was, that the money thus realized should be applied upon the individual indebtedness of Craig. It need not be argued that, as the note by which the money was raised belonged to Craig, and as Craig was indebted to the plaintiffs in a much larger sum than this amount, on account of a previous individual transaction, it was competent for him and the plaintiffs to enter into an arrangement by which this money should be applied in part extinguishment of his individual indebtedness ; and this wholly without reference to the question whether such

indebtedness was due or not, or whether it was other-
wise secured or not. Nor do we see that such an arrange-
ment can be regarded as working any fraud upon the
defendant in contemplation of law, although, as he
argues, he assisted by his endorsement on the note in
raising this very money. That might raise questions as
between him and Craig, but with the equities subsist-
ing between him and Craig the plaintiffs were not con-
cerned.

This is an action at law ; in such cases the findings
of the referee are in the nature of a special verdict, and
cannot be disturbed on appeal where they are supported
by substantial evidence, although it may possibly be
that the evidence would have supported a contrary find-
ing. Such is the case here ; and accordingly, with the
concurrence of Judge Rombauer, the judgment will be
affirmed. Judge Lewis is absent.